```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION

ANDRE EDWARDS,                  )
                                )
        Petitioner,              )
                                )
   v.                            )      Case No. 2:15-CV-302
                                )
SUPERINTENDENT,                 )
                                )
        Respondent.              )
```

## OPINION AND ORDER

This matter is before the Court on the: (1) 28 U.S.C. § 2254 Habeas Corpus Petition by a State Prisoner Challenging a Prison Disciplinary Proceeding, filed by Andre Edwards, a *pro se* prisoner, on August 17, 2015 (DE #1); and (2) Motion to Dismiss Petition as Moot, filed by the respondent on December 14, 2015 (DE #8). For the reasons set forth below, the motion to dismiss (DE #8) is **GRANTED** and the petition (DE #1) is **DISMISSED as MOOT**.

BACKGROUND

Andrew Edwards filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his loss of 60 days earned credit time. On March 6, 2015, in case number MCF 15-02-0321, a Disciplinary Hearing Body ("DHB") at Miami Correctional Facility imposed that sanction after they found Edwards guilty of assault.

DISCUSSION

The respondent moves to dismiss, asserting that after the petition was filed, Appeal Review Officer Joel Lytle, reconsidered the case and has vacated the conviction and remanded for a new hearing before a different DHB. (DE #8-1 at 1; Ex. A.) Accordingly, the respondent argues that the petition is now moot. (DE #8.) Edwards has not responded to the motion to dismiss.

Because Edward's disciplinary sanction has been vacated and the matter remanded for a new hearing, there is at present no punishment lengthening the duration of confinement for this court to review. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge disciplinary determination in habeas proceeding only when he has received punishment that lengthens the duration of confinement). In other words, there is no longer a live controversy and the case must be dismissed as moot. *See Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) ("For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated."). If Edwards is dissatisfied with the outcome of the new disciplinary hearing, he can pursue his administrative remedies and, if necessary, seek relief in a new habeas petition.

CONCLUSION

For the reasons set forth above, the motion to dismiss (DE #8) is **GRANTED** and the petition (DE #1) is **DISMISSED as MOOT**.

**DATED: January 13, 2016**         /s/ RUDY LOZANO, Judge
                                    **United States District Court**